**UNITED STATES of America, Plaintiff-Appellee**

v.

**Oscar REYNA-LOZANO, Defendant-Appellant**

**No. 16-40086**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed May 19, 2017

Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Marjorie A. Meyers, Federal Public Defender, Kathryn Shephard, H. Michael Sokolow, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant-Appellant

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM: *

Oscar Reyna-Lozano appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation. He contends that the district court erred in increasing his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior Texas conviction for burglary of a habitation under Texas Penal Code § 30.02. Reyna-Lozano argues, under *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), that the Texas burglary statute is not divisible and that not every violation of § 30.02(a) qualifies as a crime of violence under § 2L1.2(b)(1)(A)(ii).

The Government has filed an opposed motion for summary affirmance asserting that Reyna-Lozano's arguments are foreclosed by our recent decision in *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), *cert. denied*, —— U.S. ——, 137 S.Ct. 1359, 197 L.Ed.2d 542 (2017). In the alternative, the Government requests an extension of time in which to file a brief on the merits.

The Government is correct that *Uribe* forecloses Reyna-Lozano's *Mathis* argument. *See Uribe*, 838 F.3d at 669-71. Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.